UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES SECURITIES AND                          CIVIL ACTION
EXCHANGE COMMISSION

VERSUS                                                           NO. 22-1771

HOLLIS P. DAY, JR.                                   SECTION "R" (1)


## ORDER AND REASONS

Before the Court is the motion of plaintiff, the United States Securities

and Exchange Commission (the "SEC" or "Commission"), to strike defendant

Hollis P. Day Jr.'s third-party complaint and his affirmative defense of laches

pursuant to Federal Rule of Civil Procedure 12(f).[1]  Day opposes the motion.[2]

For the following reasons, the Court grants the SEC's motion.


I.      BACKGROUND

This case is an SEC enforcement action.[3]  Hollis Day, a Louisiana-based

insurance agent, has been sued by the Commission for allegedly offering to

sell and selling unregistered securities in violation of Section 5 of the 1933

Securities Act, as well as operating as an unregistered broker-dealer in

_____

[1]      R. Doc. 9.
[2]      R. Doc. 10.
[3]      *See generally* R. Doc. 1.

violation Section 17(a) of the 1934 Exchange Act.[4]  As is relevant to this case, the SEC previously brought a separate enforcement action against Stefan Toth, Thomas Powell, Homebound Resources, LLC ("Homebound"), and Resolute Capital Partners, LLC ("RCP") for their roles in the same alleged scheme that forms the basis of this lawsuit.[5]  Powell was the owner and senior manager of RCP, the firm that issued the unregistered oil and gas investment vehicles relevant to this action.[6]  Homebound acted as a "project sponsor" for RCP's offerings and was thereby responsible for identifying and purchasing the oil and gas wells in which the RCP investors owned working interests.[7]  Toth was the founder, co-owner, and CEO of Homebound's parent company.[8]  All parties in the previous enforcement action settled with the SEC.[9]

Day was the host of a weekly radio program, "Sage Money Radio," which was broadcast in the Baton Rouge metro area, as well as online through the website iHeartRadio.[10]  He was not registered with the SEC as a

---

[4]     *Id.*
[5]     *Id.* ¶ 23.
[6]     *Id.* ¶ 20.
[7]     *Id.* ¶ 19.
[8]     *Id.* ¶ 22.
[9]     *Id.* ¶ 24.
[10]    *Id.* ¶¶ 2, 25-27.

broker-dealer, nor was he "associated" with a registered broker-dealer.[11] Day admits that he entered into an agreement with Toth and Homebound to act as a "finder" and "make introductions" to potential investors on Homebound's behalf so that these individuals would consider investing in Homebound's oil and gas projects.[12] Day admits that the agreement provided for, among other things, Homebound and RCP representatives to appear on the Sage Money Radio show and promote the oil and gas investment vehicles at issue.[13] The SEC alleges that Day himself participated in the sale of over eight million dollars of securities from 2016 through 2020 and that he received over eight hundred thousand dollars in commissions for his efforts.[14] There was no registration statement in effect as to the oil and gas investments that Day agreed to promote.[15]

The SEC initiated this action on June 15, 2022. The Commission alleges that Day violated Sections 5(a) and 5(c) of the 1933 Securities Act, codified as 15 U.S.C. § 77e(a) and (c), by offering to sell and selling securities for which no registration statement was filed with the SEC.[16] The SEC also

---

[11]   *Id.* ¶ 5.
[12]   R. Doc. 8 at 13 (Third-Party Complaint ¶ 17).
[13]   *Id.* (Third-Party Complaint ¶ 19).
[14]   R. Doc. 1 ¶ 29.
[15]   *Id.* ¶ 9.
[16]   *Id.* ¶¶ 11-12

claims that Day violated Section 17(a)(1) of the 1934 Exchange Act, codified as 15 U.S.C. § 78o(a)(1), by operating as a broker-dealer without registering with the SEC or otherwise complying with the statute's requirements.[17]  Upon being sued, Day filed an answer and a third-party complaint.[18]  In his third-party complaint, Day sues for contribution, indemnity, breach of contract, and intentional and negligent misrepresentation, and seeks damages and attorneys' fees from Toth, Powell, RCP, and Homebound.[19]  Day also asserted several affirmative defenses, including laches.[20]

Now, the SEC moves to strike Day's third-party complaint and affirmative defense of laches under Fed. R. Civ. P. 12(f).[21]  Day opposes the SEC's motion.[22]  The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike

---

[17]   *Id.*
[18]   R. Doc. 8.
[19]   *Id.* at 21-26.
[20]   *Id.* at 1.
[21]   R. Doc. 9.
[22]   R. Doc. 10.

under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored, . . ."); *Synergy Mgmt., LLC v. Lego Juris A/S*, No. 07-5892, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("Motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). A motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey*, No. 96-3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998) (citation omitted). Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Bayou Fleet P'ship v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011) (citations omitted). Disputed questions of fact cannot be decided on a motion to strike. *Gonzales v. State Farm Mut. Auto. Ins.*, No. 10-3041, 2011 WL 2607096, at *5 (E.D. La. July 1, 2011).

## III.   DISCUSSION

### A.   Day's Third-Party Complaint

Here, the SEC's argument is straightforward.  It contends that Day's third-party complaint is barred by 15 U.S.C. § 78u(g), also known as Section 21(g) of the Securities Exchange Act of 1934.  Section 21(g) states:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g).  Although the Fifth Circuit has not ruled on this question, *SEC v. Jones*, No. 15-438, 2015 WL 9200594, at *1 (N.D. Tex. Dec. 15, 2015), the consensus of the courts that have considered the issue is that Section 21(g) bars the filing of third-party complaints by defendants in SEC enforcement actions.  *See*, *e.g.*, *id.* (collecting cases); *SEC. v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999); *SEC v. Wealth Mgmt. LLC*, No. 09-506, 2009 WL 3765395, at *1 (E.D. Wis. Nov. 9, 2009); *SEC v. Milles*, No. 19-714, 2020 WL 1520139, at *2 (W.D. Tex. Mar. 28, 2020); *SEC. v. Spencer Pharm. Inc.*, No. 12-12334, 2014 WL 5112078, at *1 (D. Mass. Oct. 10, 2014); *SEC v. Benger*, 2010 WL 724416, at *10 (N.D. Ill. Feb. 23, 2010); *SEC v. Bradt*, 1995 WL 215220, at *1-2 (S.D. Fla. March 7, 1995) *SEC v. Egan*, 821 F. Supp. 1274, 1275-76 (N.D. Ill. 1993).  This Court sees no reason to depart from this consensus.

6

The starting point in statutory interpretation is "the language of the statute itself." *Nebraska v. Parker*, 577 U.S. 481, 488 (2016) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).  The issue here is whether a third-party action brought in an SEC enforcement case is equivalent to "consolidat[ion] or "coordinat[ion]" of the SEC's action with an "action[] not brought by the Commission."  15 U.S.C. § 78u(g).  The Court finds that it is.

Day is essentially attempting to consolidate his third-party action with the SEC's enforcement action.  First, Day has clearly brought an "action" against Toth and the other third-party defendants.  Indeed, Black's law dictionary defines an action as a "civil or criminal judicial proceeding." *Action, Black's Law Dictionary* (11th ed. 2019).  Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court."  Likewise, a third-party action under Rule 14 is initiated by a complaint. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

Day contends that the SEC's motion must be denied because a third-party claim cannot be "consolidated" with the SEC's main action.  Day asserts that consolidation has a specific meaning in federal practice.  But while

Federal Rule of Civil Procedure 42(a) provides for consolidation of actions, it does not give a technical definition to "consolidation."  It simply provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  Black's law dictionary notes that "consolidation" may mean "combin[ing] or unify[ing] (separate items) into one mass or body, especially in order to make them more effective or easier to deal with." *Consolidate*, *Black's Law Dictionary* (11th ed. 2019).  A third-party action is tried with the main action, unless it is severed or ordered tried separately.  Fed. R. Civ. P. 14.  In essence, it is consolidated with the main action.

Day relies on the out of circuit case, *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983), which concluded that the purpose of Section 21(g) was simply to exempt the SEC from the compulsory MDL procedures of 28 U.S.C. § 1407(a).  First, that case involved intervention, not third-party actions.  *Id.*  And, that court's conclusion that Section 21(g) was limited to the MDL context is contrary to the language of the statute.  While Section 21(g) refers to the MDL statute in its prefatory statement, the statute on its face is not limited to cases subject to MDL procedures.  The statute forbids consolidation  or  coordination  with  SEC  enforcement  actions "[n]otwithstanding the provisions of Section 1407(a) of Title 28 [the MDL

8

statute], *or any other provision of law*."   15 U.S.C. § 78u(g) (emphasis added).   To read Section 21(g) as applying only to cases in MDLs would render the language "or any other provision of law" a nullity.  *See Corley v. United States*, 556 U.S. 303, 314 ("[A] statute should be construed to give effect to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004))).

Furthermore, the Supreme Court has suggested that Section 21(g) applies outside of the MDL context.  In *Parklane Hosiery*, the Court cited Section 21(g) for the proposition that a securities-fraud plaintiff "probably could not have joined in the [parallel] injunctive action brought by the SEC even had he so desired." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n.17 (1979).

Finally, Day's contention that Section 21(g) prohibits only consolidation or coordination of *separately filed* actions is atextual, as the statute plainly contains no such limitation.  Accordingly, the Court grants the SEC's motion as to Day's third-party complaint and strikes the pleading.

### B.   The Laches Defense

Day seeks to assert the affirmative defense of laches, claiming that the Commission tacitly condoned his conduct by not bringing its enforcement

action sooner.  The SEC argues that the Court should strike Day's defense of laches, as it is unavailable in cases in which the government is enforcing a public right.  As Day concedes, "laches is unavailable as a defense against the United States in enforcing a public right." *United States v. Popovich*, 820 F.2d 134, 136 (5th Cir. 1987) (emphasis added) (quoting *United States v. Arrow Transp. Co.*, 658 F.2d 392, 395 (5th Cir. 1981)); *Nabors v. NLRB*, 323 F.2d 686, 688 (5th Cir. 1963) ("It is well settled that the United States, or any agency thereof, is not . . . subject to the defense of laches in enforcing a public right."); *see also Entergy Miss., Inc. v. NLRB*, 810 F.3d 287, 299 (5th Cir. 2015) ("Nabors remains good law."); *SEC v. Hayes*, No. 90-1054, 1991 WL 236846, at *1 (N.D. Tex. July 25, 1991) ("Defendants' . . . affirmative defense[] . . . of . . . laches . . . should be stricken as [the SEC's] complaint seeks injunctive relief in accordance with its public responsibilities on behalf of the public interest and therefore, [the SEC] is not subject to those defenses." (collecting cases)).  His sole argument in opposition to the SEC's motion is that the Commission is actually seeking to vindicate a private right.[23]

---

[23]     R. Doc. 10 at 4-6.

The question here is whether the SEC is suing "in its sovereign capacity to enforce public rights created by statutes" within Congress' legislative power. *Jarkesy v. SEC*, 34 F.4th 446, 453 (5th Cir. 2022) (quoting *Atlas Roofing Co. v. Occupational Safety & Health Rev. Comm'n*, 430 U.S. 442, 455 (1977)).  Day points to the Fifth Circuit's recent *Jarkesy* decision in asserting that the SEC is seeking to vindicate a private right here.  In *Jarkesy*, the Fifth Circuit held that, even though the government is suing under a statute creating only a public right of action, the government may in fact be enforcing a private right of action if the statutory claims also "arise at common law." *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417 (1987)).  Day asserts that, because the SEC is bringing an enforcement action "with allegations akin to falsity or fraud,"[24] it is actually seeking to vindicate a private right, as the SEC did in *Jarkesy*.  But *Jarkesy* is unhelpful here. *Jarkesy* specifically involved "fraud actions under the securities statutes." 34 F.4th at 455.  The *Jarkesy* court focused on how "[t]he statutes under which the SEC brought securities fraud actions use[d] terms like 'fraud' and 'untrue statement of material fact' to describe the prohibited conduct." *Id.* But here, the SEC's causes of action are regulatory violations which require

---

[24]    R. Doc. 10 at 4.

no fraud-like mental state to hold Day liable.  The SEC alleges that Day violated Sections 5(a) and 5(c) of the 1933 Securities Act and Section 15(a)(1) of the 1934 Exchange Act.  As explained below, these statutory causes of action are purely regulatory violations with strict liability, as opposed to common-law type claims which require scienter.

Section 5(a) of the Securities Act prohibits the direct or indirect sale of securities through the mail or interstate commerce "[u]nless a registration statement is in effect as to [those] securit[ies]."  15 U.S.C. § 77e(a).  Likewise, Section 5(c) prohibits the offer to sell securities through the mail or interstate commerce unless a registration statement has been filed.  15 U.S.C. § 77e(c). And, Section 15(a)(1) of the Exchange Act prohibits any broker or dealer to induce or attempt to induce the purchase or sale of any security via the mail or interstate commerce unless that broker is registered with the Commission, associated with a registered broker-dealer, or otherwise subject to an exemption or safe-harbor.  15 U.S.C. § 78o(a)(1).  None of these statutory causes of action requires a guilty mind, nor do they require a misrepresentation by a defendant.  Rather, they are focused on the defendant's purported failure to comply with regulatory requirements.  Day's private rights argument therefore falls flat on its own terms, and *Jarkesy*

simply does not apply to the facts of this case.  The SEC's motion is granted as to the laches defense.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's motion to strike.  The Court strikes defendant's third-party complaint from the record.  Further, the Court strikes  defendant's asserted affirmative defense of laches.

New Orleans, Louisiana, this __19th__ day of April, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13