UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**HOLLIS P. DAY, JR.,**<br><br>      **Defendant.** | **CIVIL ACTION NO. 2:22-cv-01771-SSV- JVM**<br><br>**JUDGE: DARREL J. PAPILLION**<br><br>**MAGISTRATE JUDGE: JANIS VAN MEERVELD** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO CONTINUE PRE-TRIAL AND TRIAL DATES**

  Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Reply in further support of its Motion to Continue Pre-Trial and Trial Dates. Defendant Hollis P. Day, Jr. ("Day") has submitted a Response (ECF No. 67) announcing that he does *not* oppose the SEC's motion ("Response"). Thus, the parties *agree* that a continuance of the pre-trial and trial dates is warranted in view of the pendency of the SEC's Motion for Partial Summary Judgment (ECF No. 58) ["PSJ Motion"]. Accordingly, the Court should grant the now unopposed request for continuance as outlined in the SEC's motion.

  The parties' disagreement apparently stems not from the necessity for the requested continuance but rather from the import of the PSJ Motion. Thus, this reply is submitted solely to address an entirely *unrelated assertion* that Day has made regarding the PSJ Motion.

**I.      Day's Argument on the PSJ Motion is Misplaced and Specious**

After announcing his non-opposition to a continuance of the pre-trial and trial dates, Day's entire Response is devoted to a misplaced attempt to limit the scope of any ruling in the SEC's favor on the PSJ Motion. Day previously argued that the PSJ Motion should be denied in its entirety as to Section 5(a) of the Securities Act because it highlighted his interactions with two specific investors to illustrate his significant role in selling unregistered oil and gas securities and did not specifically tell the story of each of the approximately 45 investors as to whom he is alleged to have played a significant role in sales. *See* Day's Opp. to the SEC's Mot. for Partial Summary Judgment (ECF No. 62, pp. 2, 8). The SEC has already pointed out the fallacies of Day's argument. Primarily, there is no authority for the claim that – under the federal security laws Day is alleged to have violated – the SEC must meet a numerical threshold of sales to investors before a defendant may be held liable for violations. *See* Pl.'s Reply Br. in Support of Partial Summary Judgment (ECF No. 64, pp. 1-2). There is also the fact that Day *admitted* his role in sales to each of the approximately *25 investors* about whom he was specifically asked during his investigative testimony. *See* SEC Mem. In Support of Mot. For Partial Summary Judgment (ECF No. 58-1) at 8 *citing* Day Inv. Tr. 117:3-123:20; 134:1-136:5; 137:16-138:15; 142:13-25; 150:21-25; 153:8-154:5; and 165:8-167:21.

Now, Day appears to argue that any ruling on the PSJ Motion in the SEC's favor must be limited to just two specific investors, and that trial would be necessary before ordering him to disgorge ill-gotten gains based on sales to any other investors. (Resp. at 1-3.) But despite Day's attempt to lodge what is essentially a sur-reply on the PSJ Motion, his arguments regarding disgorgement are no more persuasive than they were before, and in any event, are premature.

As in *SEC v. Langemeier,* 2024 WL 66457 (D.NV. Feb. 16, 2024) – and in *any* SEC case[1] – remedies and disgorgement would be an entirely separate analysis for the Court to conduct following a grant or partial grant of the PSJ Motion.  At the appropriate time, the SEC will be prepared to make a specific disgorgement demand in accordance with *Liu v. SEC,* 591 U.S. 71 (2020) and to support its demand with competent record evidence, including evidence regarding approximately 45 identifiable victims.  In the meantime, the PSJ Motion only seeks a ruling as to Day's liability and does *not* encompass disgorgement or other possible remedies.

## II.     Conclusion

As to the initial purpose of the SEC's Motion – continuing the current pre-trial and trial dates – the parties agree to the requested relief.  Day's attempt to lodge additional argument on the PSJ Motion, however, should be ignored by the Court.  Moreover, these arguments should not distract from fact that the parties *do agree* that a continuance is warranted.

Accordingly, the SEC respectfully requests that the Court grant its Motion to Continue Pre-Trial and Trial Dates.

---

[1] *See generally* TENTH CIRCUIT PATTERN JURY INSTRUCTIONS § 1.20 (2021); ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil) §§ 6.4, 6.5, 6.7 (2020) (each including instruction that "if you find that the SEC has proved one or more of its claims against [name of defendant], I alone will determine the remedy or remedies to impose at a later date.]"); *SEC v. Moran*, No. 95 Civ. 4472, 1995 WL 785953 at *1 (S.D.N.Y. Oct. 31, 1995) ("It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant."), citing *Shannon v. United States*, 512 U.S. 573, 579 (1994); *SEC v. Saul*, No. 90 C 2633, 1991 WL 218061 at *1 (N.D. Ill. Oct. 16, 1991) ("Speculation about the consequences [the defendants] might suffer from a jury finding against them would likely distract the jury from the allegations of the SEC's complaint and encourage deliberation based upon emotional considerations which are improper").

Dated: August 28, 2024                                Respectfully submitted,

*/s/ Duane K. Thompson*
Duane K. Thompson, T.A.
Brian T. Fitzsimons
Attorneys for Plaintiff
Securities and Exchange Commission